﻿Citation Nr: AXXXXXXXX
Decision Date: 06/30/20 Archive Date: 06/30/20

DOCKET NO. 191125-45691
DATE: June 30, 2020

ORDER

Entitlement to an evaluation in excess of 40 percent for a service-connected thoracolumbar spine disability is denied.

REMANDED

Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU) is remanded.

FINDING OF FACT

There is no evidence in the record of unfavorable ankylosis of the thoracolumbar spine at any time during the period on appeal.

CONCLUSION OF LAW

The criteria for an evaluation in excess of 40 percent for a service-connected thoracolumbar spine disability have not been met. 38 U.S.C. §§ 1155, 5107(b); 38 C.F.R. §§ 3.102, 4.1-4.10, 4.97, Diagnostic Code 5237.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law created a new framework for veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program, RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.

The Veteran served on active duty with the United States Air Force from November 1990 to November 1994 and with the United States Navy from February 2004 to January 2008.

The Veteran selected the Higher-Level Review lane when he submitted the RAMP election form in June 2018. Accordingly, the April 2019 RAMP rating decision considered all evidence of record prior to the issuance of the RAMP rating decision by the Agency of Original Jurisdiction (AOJ). The Veteran timely appealed this RAMP rating decision to the Board in November 2019 and requested the direct review docket, which allows the Board to review only the evidence considered by the AOJ.

As an initial matter, the Board notes the Veteran has filed an informal Motion to Advance on the Docket (AOD) due to homelessness. He submitted a statement in support of this request written by a friend in July 2019, at whose house the Veteran currently resides temporarily. The statement indicates the Veteran’s housing situation is unstable, as the friend is selling the house to move out of state, at which point in time, the Veteran will experience homelessness. The Board finds that this is good or sufficient cause to advance the case on the docket. Thus, the AOD Motion is granted. See 38 C.F.R. § 20.800(c).

Increased Rating

Disability ratings are determined by applying the criteria set forth in the VA Schedule for Rating Disabilities and are intended to represent the average impairment of earning capacity resulting from disability. 38 U.S.C. § 1155; 38 C.F.R. § 4.1. When there is a question as to which of two ratings apply, VA will assign the higher of the two where the disability picture more nearly approximates the criteria for the next higher rating; otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. 

Disabilities must be viewed in relation to their entire history. 38 C.F.R. § 4.1. VA is required to interpret reports of examination in light of the whole recorded history, reconciling the various reports into a consistent picture so that the current rating may accurately reflect the elements of disability. 38 C.F.R. § 4.2. Any reasonable doubt regarding the degree of disability will be resolved in favor of the claimant. 38 C.F.R. § 4.3. VA is also required to evaluate functional impairment on the basis of lack of usefulness and the effects of the disabilities upon the claimant’s ordinary activity. 38 C.F.R. § 4.10; see generally Schafarth v. Derwinski, 1 Vet. App. 589 (1991).

Entitlement to an evaluation in excess of 40 percent for a service-connected thoracolumbar spine disability

The Veteran’s thoracolumbar spine disability is currently rated as 40 percent disabling under Diagnostic Code (DC) 5237. Spine disabilities are typically rated under the same general formula, except for intervertebral disc syndrome (IVDS), which has an alternate rating formula for incapacitating episodes. 38 C.F.R. § 4.71a, DCs 5235-5243. 

Under the General Rating Formula for Diseases or Injuries of the Spine, a 40 percent evaluation is warranted for forward flexion of the thoracolumbar spine of 30 degrees or less. A 50 percent rating is assigned for unfavorable ankylosis of the entire thoracolumbar spine, and a 100 percent rating is assigned for unfavorable ankylosis of the entire spine. All of these evaluations under the general formula for rating spine injuries consider the disabilities with or without symptoms such as pain (whether or not it radiates), stiffness, or aching in the area of the spine affected by residuals of injury or disease.

The Formula for Rating IVDS Based on Incapacitating Episodes provides a 40 percent disability rating for IVDS with incapacitating episodes having a total duration of at least 4 weeks but less than 6 weeks during the past 12 months. A 60 percent disability rating is warranted for IVDS with incapacitating episodes having a total duration of at least 6 weeks during the past 12 months. 38 C.F.R. § 4.71a, DC 5243. Note (1) to the IVDS rating schedule provides that, for purposes of ratings under DC 5243, an incapacitating episode is a period of acute signs and symptoms due to IVDS that requires bed rest prescribed by a physician and treatment by a physician. Id.

In determining the appropriate evaluation for musculoskeletal disabilities, particular attention is focused on functional loss of use of the affected part. Under 38 C.F.R. § 4.40, functional loss may be due to pain, a finding of which must be supported by adequate pathology and evidenced by visible behavior on motion. Johnston v. Brown, 10 Vet. App. 80, 85 (1997). Weakness is as important as limitation of motion, and a part that becomes painful on use must be regarded as seriously disabled. Under 38 C.F.R. § 4.45, factors of joint disability also include increased or limited motion, weakness, fatigability, or painful movement, swelling, deformity or disuse atrophy. Where functional loss is alleged due to pain upon motion, VA must consider the provisions of 38 C.F.R. § 4.40 and § 4.45. DeLuca v. Brown, 8 Vet. App. 202, 207-08 (1995). Functional loss of a joint can give rise to a higher schedular rating, to include if such functional loss is due to pain, but pain itself does not rise to the level of functional loss contemplated by VA regulations. See Mitchell v. Shinseki, 25 Vet. App. 32, 37-38 (2011).

The Veteran’s private treatment records reflect treatment by a chiropractor throughout the appeal period. The records contain ongoing complaints of back pain, from moderate to severe, affecting the Veteran’s ability to lift, walk, sit, stand, and sleep. The Veteran’s VA treatment records likewise reflect complaints of back pain throughout the appeal period, and reports that physical therapy did not relieve or improve the pain.

At an October 2013 VA examination, the Veteran reported continual and worsening pain since his separation from the Navy. He reported flare-ups of mild pain once a week and severe, debilitating pain once a month, where he is unable to work, stand, and sometimes walk. He also reported flare-ups of weakness once a month. The examiner noted a range of motion of 25 degrees in forward flexion and 15 degrees in extension, and noted additional limitation of motion after repetitive-use testing. The examiner did not make note of any ankylosis, and noted no IVDS.

In September 2014, the Veteran submitted a written statement describing his back pain as interfering with all activity, including lying down, sitting, standing, walking, and sleeping. He reported that his tolerance for sitting and walking varies day to day with the severity of his back pain; for instance, one day he might be able to sit for 45 minutes, while another day he might be limited to just 10 minutes. 

At a November 2014 VA examination, the Veteran reported spontaneous flare-ups of pain while sleeping and after prolonged sitting. The examiner noted a range of motion of 40 degrees in forward flexion and zero degrees in extension, and no ankylosis was noted. The examiner identified a diagnosis of IVDS, but noted no incapacitating episodes in the previous 12 months.

The Veteran attended another VA examination in January 2019, at which he reported daily, constant, dull back pain that worsens with sitting, bending, walking, or standing. He also reported that chiropractic treatment and TENS unit did not help the back pain. The Veteran reported flare-ups of excruciating back pain when he attempts activity out of the ordinary, which last for five to seven days. The examiner noted a range of motion of 25 degrees in forward flexion and 15 degrees in extension, and no ankylosis was noted. The January 2019 VA examiner did not identify a diagnosis of IVDS, and noted that there had not been any prescribed periods of bed rest in the previous 12 months. 

After review of the evidence of record, the Board finds an increased evaluation is not warranted for the Veteran’s thoracolumbar spine disability. 

The Board acknowledges that the record reflects decreased mobility and the Veteran’s complaints of severe pain limiting his activities. However, there is no competent evidence of unfavorable ankylosis of any part of the Veteran’s spine. Therefore, a 50 or 100 percent disability rating is not warranted based on the general spine rating formula. 

Further, the Board has considered the provisions of sections 4.40 and 4.45 regarding the Veteran’s complaints of functional loss. See 38 C.F.R. §§ 4.40 and 4.45; DeLuca, 8 Vet. App. at 207-08; Mitchell, 25 Vet. App. at 37-38. However, as the Veteran already has the highest available rating based on restriction of motion, these provisions are not for application. See Johnston v. Brown, 10 Vet. App. 80, 85 (1997). The Veteran is currently in receipt of the highest rating available for range of motion, and ankylosis of the spine, which is required for a higher rating, is not noted at any time during the appeal. 

Finally, the Board also considered applying the IVDS rating formula to the lumbar spine disability. However, there is no evidence in the record of physician-prescribed bed rest or incapacitating episodes of IVDS having a total duration of at least six weeks, as required by the criteria for the next higher evaluation under DC 5243. 

Therefore, an increased evaluation for the service-connected thoracolumbar spine disability is not warranted.

REASONS FOR REMAND

Entitlement to a TDIU is remanded.

VA will grant entitlement to TDIU when the evidence shows that the Veteran is precluded, by reason of his service-connected disabilities, from securing and following “substantially gainful employment” consistent with his education and occupational experience. 38 C.F.R. §§ 3.340, 3.341, 4.16. 

The regulations provide that if there is only one service-connected disability impeding employability, it must be rated at 60 percent or more; and if there are two or more disabilities, at least one disability must be rated at 40 percent or more, and sufficient additional disability must bring the combined rating to 70 percent or more. 38 C.F.R. § 4.16(a).

Because it is established VA policy that all veterans who are unable to secure and follow a substantially gainful occupation by reason of service-connected disabilities shall be rated as totally disabled, rating boards are to submit to the Director of Compensation and Pension Services (Director) for extraschedular consideration all cases of veterans who are unemployable by reason of service-connected disabilities but who fail to meet the above percentage standards. 38 C.F.R. § 4.16(b). However, the Board cannot assign an extraschedular rating in the first instance.

Here, the Veteran’s combined evaluation is 60 percent throughout the period on appeal. The record indicates that the Veteran has not worked since separation from service. The Veteran reported at the October 2013 VA examination that he is unable to lift any weight, stand or walk for longer than 15 minutes, and sit for longer than 90 to 120 minutes, and that he would require a 15-minute break after 45 minutes in one position. The Veteran submitted a private vocational opinion concluding that his service-connected spine and ankle disabilities preclude his ability to secure and follow substantially gainful employment, as he has difficulty sitting, standing, and walking for prolonged periods of time without needing a break. 

As the Veteran does not meet the schedular requirements for a TDIU, and there is evidence of unemployability due to the service-connected thoracolumbar spine disability, the Board finds his case should have been submitted to the Director for extraschedular consideration. See 38 C.F.R. § 4.16(b). Therefore, a remand is necessary to obtain this opinion.

The matters are REMANDED for the following action:

Refer the claim to the Director, Compensation Service, for consideration of whether a TDIU is warranted on an extraschedular basis.

Include a full statement as to the Veteran’s service-connected disabilities, employment history, educational and vocational attainment, and all other factors having a bearing on the issue. See 38 C.F.R. § 4.16(b).

 

 

M. HYLAND

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board K. Josey, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.